UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2021

DANIEL VENTURA GARCIA, individually, and on behalf of others similarly situated,

Plaintiff,

-against-

JOHN DOE CORP., d/b/a MAMA'S PIZZA a/k/a MAMA'S FOOD COURT, MANNY GARCIA, and MISHAN DOE,

Defendants.

1:20-cv-07990-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On September 25, 2020, Plaintiff Daniel Ventura Garcia commenced this putative class action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants failed to pay him overtime compensation and minimum wage and violated recordkeeping requirements with respect to his compensation, hours, and wages. [ECF No. 1.] To date, no proof of service of the summons and Complaint has been filed. On January 26, 2021, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing the action without prejudice. [ECF No. 10.]

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect." The court left open "whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice." *Id.* at 201 n.2.

After *Cheeks*, district courts in this circuit have opined that "[n]otices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*." *Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137,

1

142 (E.D.N.Y. Sept. 30, 2017); *see id.* at 147 (concluding that a "fairness review of FLSA settlements involving dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i)" is appropriate); *Seck v. Dipna Rx, Inc.*, No. 16-cv-7262 (PKC), 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017) (concluding that "settlement of a FLSA action accomplished through a unilateral dismissal of the complaint by plaintiff is not exempt from review").  Accordingly, many district courts require parties in FLSA matters to provide information regarding a voluntary dismissal without prejudice "to prevent a situation where the parties have 'covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks*.'"  *De Jesus Durna v. 34th St. Diner, Inc.*, 18-cv-03686 (SDA), 2020 U.S. Dist. LEXIS 25969, at *2–3 (S.D.N.Y Feb. 14, 2020) (quoting *De Jesus v. Magnetic Contracting Corp.*, No. 19-CV-01842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019)).

Accordingly, IT IS HEREBY ORDERED that on or before **February 16, 2021**, Plaintiff shall file a letter advising the Court whether the Notice of Voluntary Dismissal is the result of a settlement between the parties.  If the Notice is the result of a settlement, then the parties shall also file a copy of the settlement agreement and a joint letter explaining why the proposed settlement reflects or does not reflect a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)).

**<u>FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS.</u>**

**SO ORDERED.**

Date: **January 26, 2021**  
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**